*J. Davis*, for the appellant.

---

## THE STATE *v.* DOWNS.

A writ performs its office in arresting the defendant, and a motion to quash it after he has entered into recognizance, is nugatory.

*Monday,*
*November* 24.

APPEAL from the *White* Court of Common Pleas.

*Per Curiam.*—This was a prosecution, under the act of 1853, for selling spirituous liquors without license. The defendant, having been arrested, was admitted to bail, upon recognizance taken by the sheriff. At the following term the cause was continued, and he entered into a recognizance of record, to appear at the next term, at which term he moved to quash the writ. The motion was sustained and the defendant was discharged. This was erroneous. The writ had performed its office by arresting the defendant, and it was immaterial whether it was good or bad. He stood upon his recognizance, and was not held by the writ: the quashing of it, therefore, did no harm. But the order to discharge

the defendant cannot be revised. It was not excepted to. *Hornberger* v. *The State*, 5 Ind. R. 300. The transcript contains no *placita*, and we cannot learn from the record where or by whom the Court was held. We affirm the judgment, because, although the record abounds in errors, they are not so presented as to enable us to review them.

The judgment is affirmed.

*L. Reilly*, for the State.